1   Leslie Bryan Hart, Esq. (SBN 4932)
    John D. Tennert, Esq. (SBN 11728)
2   FENNEMORE CRAIG, P.C.
    300 E. Second St., Suite 1510
3   Reno, Nevada 89501
    Tel: 775-788-2228 Fax: 775-788-2229
4   lhart@fclaw.com; jtennert@fclaw.com

5   (Admitted *Pro Hac Vice*)
    Asim Varma, Esq.
6   Howard N. Cayne, Esq.
    Michael A.F. Johnson, Esq.
7   Dan A. Leary, Esq.
    ARNOLD & PORTER LLP
8   555 12th Street NW
    Washington, DC 20004
9   Tel: (202) 942-5000   Fax: (202) 942-5999
    Asim.Varma@aporter.com; Howard.Cayne@aporter.com;
10  Michael.Johnson@aporter.com; Dan.Leary@aporter.com

11  *Attorneys for Intervenor Federal Housing Finance Agency*

12                    **UNITED STATES DISTRICT COURT**
13                         **DISTRICT OF NEVADA**

14  RICK SALOMON,                          CASE NO. 2:14-cv-02225-MMD-PAL

15                    Plaintiff,

16  vs.

17  FEDERAL NATIONAL MORTGAGE           **JOINT MOTION AND [PROPOSED]
    ASSOCIATION; et al.,                ORDER TO STAY DISCOVERY**
18
                                        **(First Request)**
19                    Defendants.
    and
20  FEDERAL HOUSING FINANCE AGENCY,
    as Conservator of the Federal National
21  Mortgage Association,
22                    Intervenor.
23  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION,
24                    Counterclaimant,
    and
25  FEDERAL HOUSING FINANCE AGENCY,
    as Conservator of the Federal National
26  Mortgage Association,
27
                      Intervenor.
28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10332228

vs.

RICK SALOMON; BACARA RIDGE
ASSOCIATION,

                    Counter-defendants.

Plaintiff/Counter-Defendant, Rick Salomon ("Plaintiff" or "Salomon"), Defendant/ Counterclaimant Federal National Mortgage Association ("Fannie Mae"), and Intervenor, Federal Housing Finance Agency ("FHFA," and collectively, the "Parties"), by and through their undersigned and respective counsel, hereby submit this Joint Motion to Stay Discovery pursuant to Fed. R. Civ. P. 26 and based on the enclosed Memorandum of Points and Authorities.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.        INTRODUCTION

The Parties have engaged in discussions and agree that discovery in this matter should be stayed pending resolution of Fannie Mae and FHFA's Motion for Summary Judgment.  The Parties agree that a stay of discovery is warranted because the Motion for Summary Judgment raises a dispositive legal issue, the resolution of which will clarify what, if any, discovery is required.[2]  Accordingly, the Parties respectfully request that the Court exercise its inherent authority to stay discovery, including those dates set by the Court's recent order setting a discovery schedule, pending resolution of the Motion for Summary Judgment.

### II.        BACKGROUND

On December 1, 2014, Salomon filed a complaint in Clark County, Nevada District Court against Fannie Mae and others, seeking, *inter alia*, a declaration quieting title in the property commonly known as 6137 Glenborough Street, North Las Vegas, Nevada 89115 ("the Property"). (Dkt. # 1-1; *see also* Dkt. # 9 (providing a correction to the Property address listed in the complaint).)  On December 31, 2014, this case was removed to this Court.  (Dkt. # 1.)  On

---

[1] The other parties listed in the caption have not appeared in this case or in the preceding action in state court, and thus are not parties to this Motion.

[2] The parties to this joint motion do not intend to waive their right to seek Fed. R. Civ. P.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

1
2
3

March 10, 2015, the Court granted a stipulation permitting the FHFA to intervene as Conservator for Fannie Mae.  (Dkt. # 21.)  On March 20, 2015, the Court issued an order setting a discovery schedule.  (Dkt. # 25.)

4
5
6
7
8
9
10
11
12
13

On March 27, 2015, Fannie Mae and FHFA acted to resolve the litigation efficiently by filing their Joint Motion for Summary Judgment.  FHFA and Fannie Mae contend that their Motion raises a single legal issue that is dispositive of Plaintiff's claims.  Their Motion argues that, pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.*, the homeowners' association foreclosure sale conducted by Bacara Ridge Association ("HOA Sale") did not extinguish Fannie Mae's interest in the Property, and, thus Fannie Mae retains an interest in the Property superior to any interest of Salomon.

14
15
16
17
18
19
20
21
22
23
24
25
26

In seven other related cases pending in this District, courts—including this one—have granted the parties' joint motions to stay discovery pending resolution of dispositive motions that are similarly based on questions of law.  *See* Order, *Nationstar Mortg. LLC v. Eldorado Neighborhood Second Homeowners Ass'n*, No. 2:15-cv-064-JAD-PAL (Dkt. 27) (Apr. 10, 2015); Order, *LN Management LLC Series 5271 Lindell v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-cv-131-JAD-NJK (Dkt. 30) (Mar. 25, 2015); Order, *Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-2046-JAD-PAL (Dkt. 46) (Mar. 12, 2015); Order, *Williston Investment Grp. v. JPMorgan Chase Bank, N.A.*, No. 2:14-cv-02038-GMN-PAL (Dkt. 50) (Mar. 5, 2015); Order, *Premier One Holdings, Inc. v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-2128-GMN-NJK (Dkt. 35) (Feb. 27, 2015); Order, *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-01975-GMN-NJK (Dkt. 66) (Feb. 20, 2015); Order, *Elmer v. Fed. Home Loan Mortg. Corp.*, No. 2:14-cv-01999-GMN-NJK (Dkt. 60) (Feb. 20, 2015).

27
28

56(d) relief, if appropriate.

10332228

1

### III. LEGAL ARGUMENT

2

**A. Standard of Review Governing Motion to Stay Discovery**

3      District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*,

4  863 F.2d 681, 685 (9th Cir. 1988); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601

5  (D. Nev. 2011) ("The district court has wide discretion in controlling discovery, and its rulings

6  will not be overturned in the absence of a clear abuse of discretion.").

7      In this district, courts "evaluate the propriety of an order staying or limiting discovery

8  with the goal of accomplishing the objectives of Rule 1, [which is an evaluation of] whether it is

9  more just to speed the parties along in discovery and other proceedings while a dispositive

10  motion is pending, or whether it is more just to stay or limit discovery and other proceedings to

11  accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603. Indeed,

12  courts may limit discovery "upon showing of good cause or where 'justice requires to protect a

13  party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.*

14  at 601 (quoting *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003)). Further, a stay

15  of discovery may be appropriate to "further[] the goal of efficiency for the court and the

16  litigants." *Id.*

17      In deciding whether to stay discovery, this Court "considers the goal of Rule 1 of the

18  Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and

19  administered to secure the just, speedy, and inexpensive determination of every action.'" *BAC*

20  *Home Loan Servicing, LP v. Adv. Funding Strategies, Inc.*, No. 2:13-CV-00722-JAD-PAL, 2013

21  WL 6844766, at *4 (D. Nev. Dec. 27, 2013). Relevant to a motion to stay is whether the motion

22  might "cause unwarranted delay, especially if a pending dispositive motion challenges fewer

23  than all of [p]laintiff's claims." *Id.* Thus, where a pending dispositive motion "raises no factual

24  issues and will be decided purely on issues of law," this Court has approved stays of discovery.

25  *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 2:10-CV-01890-GMN-PAL, 2012 WL

26  2327676, at *7 (D. Nev. June 19, 2012); *see Tradebay*, 728 F.R.D. at 608; *Pettit v. Pulte Mortg.,*

27  *LLC*, No. 2:11-CV-00149-GMN-PAL, 2011 WL 5546422, at *6 (D. Nev. Nov. 14, 2011).

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10332228

4

**B.    The Parties Agree That a Stay Is Appropriate Because the Pending Motion May Resolve Plaintiff's Claims and Can Be Decided Without Discovery**

Under the above standard, a stay of discovery is appropriate in this case.  The Parties agree that Fannie Mae and FHFA's pending Motion for Summary Judgment, if granted, will dispose of Salomon's claims in this case.  Here, Salomon seeks a declaration from this Court that he is "the sole owner in fee of the Subject Property."  (Compl. ¶ 11.)  Salomon alleges that he acquired title to the Property, free and clear of Fannie Mae's interest, from Premier One Holdings, Inc., which had previously acquired title to the Property, free and clear of Fannie Mae's interest, in the HOA Sale.  (*Id.* ¶¶ 4-5, 8.)  Fannie Mae and FHFA argue that pursuant to 12 U.S.C. § 4617(j)(3), Fannie Mae's property interest cannot be extinguished without the consent of FHFA so long as Fannie Mae is in conservatorship—thus, Fannie Mae's interest was not extinguished by the HOA Sale.  Accordingly, the Motion for Summary Judgment "will be decided purely on issues of law," *Tradebay*, 278 F.R.D. at 608.  Salomon's claim to quiet title must be denied if the Court finds that under federal law Fannie Mae retains its interest in the Property.  The Motion for Summary Judgment does not require a resolution of disputed material facts; rather, it presents a pure question of law and requires only the Court's interpretation of Section 4617(j)(3) and its preemptive effect on Nevada law.

The Parties agree that, in this case, the "preliminary peek" sometimes conducted by this Court in resolving a motion to stay need not be a searching evaluation of the merits.  As this Court has recognized, a "preliminary peek ... is not intended to prejudge the outcome," but rather, "to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."  *BAC Home Loan Servicing*, 2013 WL 6844766, at *4.

As in *Howard*, *Tradebay*, and *Petit*, where this Court granted stays of discovery, the Motion for Summary Judgment presents a dispositive legal question that would resolve Plaintiff's claims without the need for discovery.  *See Howard*, 2012 WL 2327676, at *7;

10332228

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

*Tradebay*, 728 F.R.D. at 608; *Pettit*, 2011 WL 5546422, at *6. Thus, the Parties agree that the Court need only confirm that the Motion for Summary Judgment presents a legal question potentially dispositive of Plaintiff's claims to determine that it would be "more just to delay or limit discovery … to accomplish the inexpensive determination of the case." *BAC Home Loan Servicing*, 2013 WL 6844766, at *4.

Indeed, a stay is even more justified here; in *Howard*, *Tradebay*, and *Petitt* the motion to stay was opposed. Here, all Parties that have appeared before this Court in this action jointly submit this motion, agreeing to a stay of discovery in order to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## IV.   CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court stay discovery, including those dates set by the Court's recent order setting a discovery schedule, pending resolution of the Motion for Summary Judgment.

DATED this 6th day of May, 2015.

**AKERMAN LLP**

By:   /s/ Darren T. Brenner
        Darren T. Brenner, Esq. (SBN 8386)
        Tenesa S. Scaturro, Esq. (SBN 12488)
        1160 Town Center Drive, Suite 330
        Las Vegas, NV 89144
        Tel: (702) 634-5000  Fax: (702) 380-8572
        darren.brenner@akerman.com;
        tenesa.scaturro@akerman.com

*Attorneys for Federal National Mortgage Association*

**FENNEMORE CRAIG, P.C.**

By:      /s/   Leslie Bryan Hart
        Leslie Bryan Hart, Esq. (SBN 4932)
        John D. Tennert, Esq. (SBN 11728)
        300 E. Second St., Suite 1510
        Reno, Nevada 89501
        Tel: 775-788-2228 Fax: 775-788 2229
        lhart@fclaw.com;jtennert@fclaw.com

and

**ARNOLD & PORTER LLP**
(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
Dan A. Leary, Esq.

*Attorneys for Intervenor Federal Housing Financing Agency*

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10332228

6

1

**HONG & HONG, A PROFESSIONAL**
**LAW CORPORATION**

2

3

By:      /s/   Joseph Y. Hong
         Joseph Y. Hong, Esq. (SBN 5995)
4        10781 West Twain Avenue
         Las Vegas, Nevada 89135
5

*Attorneys for Plaintiff Rick Salomon*
6

7

8

9                                    **ORDER**

10                                   **IT IS SO ORDERED.**

11

12                                   UNITED STATES MAGISTRATE JUDGE

13                                   DATED:  _ August 17, 2015          ___

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10332228

7

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 6th day of May, 2015, a true and correct copy of the **JOINT MOTION TO STAY DISCOVERY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Joseph Y Hong yosuphonglaw@gmail.com

Ariel E. Stern ariel.stern@akerman.com

Darren T Brenner darren.brenner@akerman.com

Tenesa S Scaturro tenesa.scaturro@akerman.com

William Shane Habdas william.habdas@akerman.com


/s/   Pamela Carmon
Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10332228

8