UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICK SALOMON,<br><br>                      Plaintiff,<br>     v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                    Defendants.<br>and<br><br>FEDERAL HOUSING FINANCE AGENCY, as Conservatory of the Federal National Mortgage Association,<br><br>                    Intervenor. | Case No. 2:14-cv-02225-MMD-PAL<br><br>ORDER |

Before the Court is Defendant Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency's ("FHFA") (collectively, "Fannie Mae") Motion for Summary Judgment ("Motion"). (Dkt. no. 26.) Plaintiff Rick Solomon has opposed (dkt. no. 36) and Fannie Mae has replied (dkt. no. 45).

The Motion raises the same legal issue as that raised in Fannie Mae's motion for summary judgment in a related case, case no. 2:15-cv-00112-MMD-CWH ("Related Case"). In fact, the Court held a joint hearing for both cases on February 10, 2016. (Dkt. no. 62.) On the identical legal issue, the Court finds that NRS § 116.3116 is preempted to the extent that it allows an HOA foreclosure sale to extinguish a first deed of trust held by FHFA as Fannie Mae's conservator without FHFA's consent. The Court incorporates its reasoning in the Order denying Fannie Mae's motion in the Related Case.  (*See* dkt. no. 65 in the Related Case.)

1    As in the Related Case, Fannie Mae relies in part on the declaration of John Curcio ("Curcio Declaration), Fannie Mae's Assistant Vice President, which includes printouts from Fannie Mae's Servicer and Investor Reporting system. (Dkt. no. 26-2.) Viewing the evidence submitted with the Curcio Declaration in the light most favorable to the non-moving party, the Court finds that a rational trier of fact could find that Fannie Mae has not demonstrated that it has a property interest in the property at issue in this case at the time of the HOA foreclosure sale for the same reasons explained in the Related Case. (*See* dkt. no. 65 in the Related Case.) Accordingly, although the Court agrees with Fannie Mae on the preemption issue, the Court will deny the Motion.

DATED THIS 17th day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE